# ATTACHMENT 1

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: GREG NEWMAN
WAFFLE HOUSE, INC
5986 FINANCIAL DRIVE
NORCROSS, GA 30071-

SOP Transmittal # SC21906

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: WAFFLE HOUSE, INC
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of SOUTH CAROLINA on this 19 day of May , 2008 . The following is a summary of the document(s) received:

1. Title of Action: MATTHEW YOUNG VS. WAFFLE HOUSE, INC.

2. Document(s) served:

   X Summons             __ Subpoena                __ Injunction
   X Complaint           __ Third Party Complaint   __ Notice of
   __ Petition           __ Demand for Jury Trial   __ Mechanics Lien
   __ Garnishment        __ Default Judgement       __ Other:

3. Court of Jurisdiction/    LAURENS COUNTY COURT OF COMMON PLEAS
   Case & Docket Number: 08-CP-30-292

4. Amount Claimed, if any: NA

5. Method of Service (select one):
   __ Personally served by:   __ Process Server      __ Deputy Sheriff    __ U.S Marshall
   X Delivered Via:           X Certified Mail       __ Regular Mail      __ Facsimile
                              (Envelope enclosed)    (Envelope enclosed)

   __ Other (Explain):

6. Date and Time of Service: 5/19/2008 3:29:32 PM EST (GMT -5)

7. Appearance/Answer Date: 30 Days

8. Plaintiff's Attorney:   ROBERT SNEED
   (Name, Address & Telephone Number)
                           1201 E WASHINGTON ST
                           GREENVILLE SC 29601
                           864-236-3077

9. Federal Express Airbill # 791069626507

10. Call Made to: VM - GREG NEWMAN

11. Special Comments:

NATIONAL REGISTERED AGENTS, INC.           Copies To:

Transmitted by: LAURA LEONARD

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



# Rob Sneed Law Firm, LLC

Attorney & Counselor at Law

P.O. Box 375 Greenville, SC 29602
1201 E. Washington St. Greenville, SC 29601
Phone: (864) 235-3077 Fax: (864) 235-3076
www.robsneedlawfirm.com
E-Mail: rsneed@robsneedlawfirm.com
Licensed in SC & NC

May 16, 2008

**VIA CERTIFIED MAIL #7007 0220 0000 5971 0855**
**RETURN RECEIPT REQUESTED**

National Registered Agents, Inc.
2 Office Park Court, Suite 103
Columbia, SC 29223-5948

    RE:    Matthew Young v. Waffle House, Inc.
            C.A. No.: 08-CP-30-292

Dear Registered Agent:

    Please find enclosed the copies of: (1) Summons; (2) Complaint; (3) Plaintiff's First Set of Interrogatories to Defendant; and (4) Plaintiff's First Request for Production to Defendant. **Please note that a lawsuit has been commenced against you.**

    Thank you in advance for your attention to this matter.

                  Very truly yours,

                  Robert M. Sneed

RMS:lbp
Enclosures

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF LAURENS | ) | |
| | ) | |
| MATTHEW YOUNG, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 08 - CP - 30 - 292 |
| vs. | ) | |
| | ) | |
| WAFFLE HOUSE, INC., | ) | |
| Defendant(s) | ) | |

| (Please Print) | SC Bar #: | 11320 |
|---|---|---|
| Submitted By: ROBERT M. SNEED, ESQ. | Telephone #: | 864) 235-3077 |
| Address: 1201 East Washington Street | Fax #: | 864) 235-3076 |
| Greenville, SC 29601 | Other: | |
| | E-mail: | rsneed@robsneedlawfirm.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
☐ Breach of Contract (140)
☐ Other (199)

**Torts – Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
☐ Other (299)

**Torts – Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☒ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Sexual Predator (510)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Other (799)

**Administrative Law/Relief**
☐ Reinstate Driver's License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture (840)
☐ Other (899)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Administrative Law Judge (980)
☐ Public Service Commission (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Other (699)

Submitting Party Signature: _[signature]_                Date: March 31, 2008

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY
Florence, Horry, Lexington, Richland, Greenville**, and Anderson**
** Contact Respective County Clerk of Court for modified ADR Program Rules

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

You are required to take the following action(s):

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Cases which are appellate in nature such as appeals or writs of certiorari;

    c. Post Conviction relief matters;

    d. Contempt of Court proceedings;

    e. Forfeiture proceedings brought by the State;

    f. Cases involving mortgage foreclosures; and

    g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

Please Note:    You must comply with the Supreme Court Rules regarding ADR.
                Failure to do so may affect your case or may result in sanctions.

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | EIGHTH JUDICIAL CIRCUIT |
| COUNTY OF LAURENS | ) | C.A. NO: 2008 - CP - 30 - 292 |

2008 APR -4  A 11: 42

| | |
|---|---|
| MATTHEW YOUNG, | ) |
| Plaintiff, | ) LAURENS COUNTY |
| | CLERK OF COURT |
| v. | ) COMPLAINT |
| WAFFLE HOUSE, INC., | ) |
| Defendant. | ) |

## INTRODUCTION

Plaintiff brings this Complaint against Defendant Waffle House, Inc. for violation of 42 U.S.C. §§ 1981 and 2000a, and alleges as follows.

## JURISDICTION AND VENUE

1. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000a-6.

2. Venue is proper in this Court, pursuant to 28 U.S.C. 1391(b), because the Defendant resides in this judicial district and because a substantial part of the events or omissions giving rise to the allegations in this Complaint occurred in this judicial district.

3. The claims in this action arise under legislation properly enacted by the United States Congress pursuant to the Commerce Clause of the Constitution of the United States, Article One, Section Eight, Clause Three, and under legislation properly enacted by the United States Congress to enforce the Thirteenth and Fourteenth Amendment, and the commence clause to the Constitution of the United States.

## PARTIES

1

4. Plaintiff Matthew Young is an African-American citizen of the United States and a resident of Clinton, Laurens County, South Carolina.

5. Defendant Waffle House, Inc. ("Waffle House," which may also refer herein to the specific Waffle House restaurant at issue, as the context requires) is a Georgia corporation with its principal place of business at 5986 Financial Drive, Norcross, Gwinnett County, Georgia. Defendant Waffle House conducts business throughout the United States, with approximately 1,500 restaurants and restaurant franchises in 25 states, including restaurants in this judicial district. At all times pertinent to this lawsuit, Waffle House owned, operated, and maintained control over the Waffle House located within this judicial district at 12742 Highway 56 North, Clinton, South Carolina, 29325 (864) 833-5203 ("Clinton Waffle House").

6. Defendant committed, authorized, sanctioned, ratified, and approved the unlawful policies, actions, and conduct described in this Complaint.

## FACTS

7. The events discussed below occurred at the Clinton Waffle House on or about December 2, 2006. Further, the events occurred at approximately the evening mealtime.

8. With the exception of one cook, all employees working at the Clinton Waffle House during the time Plaintiff was in the restaurant, including the waitresses and the manager on duty, were White.

9. Most of the customers, all dining at the Clinton Waffle House restaurant during the time the Plaintiff was in the restaurant were White.

10. When Mr. Young entered the restaurant and was not greeted by anyone, he seated himself at an open booth. The restaurant did not appear to be busy, and there were several empty tables and booths.

2

11. After Mr. Young had been in the restaurant for approximately several minutes, two White males came in and sat down and were given prompt service.

12. Throughout the entire time that the Plaintiff was in the restaurant, White customers came into the restaurant after him and were promptly attended to, waited on and provided food and beverage. However, the Plaintiff was not served food.

## COUNT I

(Violation of 42 U.S.C. § 1981)

13. Plaintiff realleges and incorporates by reference Paragraphs 1 through 12 above, as if set froth fully herein.

14. At all times material to this action, Plaintiff, while seeking food and services from Defendant, presented himself in a fit and proper manner, both in terms of dress and conduct.

15. Defendant did not provide Plaintiff with food and services on the same basis as it provides such food and services to similarly situated White customers. Defendant so acted because of Plaintiff's race.

16. At all times relevant to the events described in Paragraphs 1 through 15 above, the waitresses, supervisors, managers and other employees of Waffle House were acting (both apparently and in fact) within the scope of their employment and were acting (both apparently and in fact) in their capacities as employees, agents, and/or representatives of the Defendant.

17. The discriminatory practices described in Paragraphs 1 through 15 above were carried out under the Defendant's direction, authority, control, and supervision, and with the Defendant's consent, encouragement, knowledge, and ratification.

18. The Defendant's actions were undertaken intentionally and purposefully, with racially discriminatory animus, for the purpose of denying Plaintiff equal treatment on the basis

3

of his race. Defendant acted maliciously, in bad faith, and with willful, callous, wanton, and reckless disregard for Plaintiff's federally protected rights.

19. By the actions described in Paragraphs 1 through 15 above, Defendant has denied Plaintiff the same right to make and enforce contracts as enjoyed by White citizens of Untied States, in violation of 42 U.S.C. § 1981.

20. By the actions described in Paragraphs 1 through 15 above, Defendant has deprived Plaintiff of the equal enjoyment of the benefits, privileges, terms, and conditions of a contractual relationship on the same basis as White persons.

21. As a proximate result of the actions of Defendant described in Paragraphs 1 through 15 above, Plaintiff has suffered, continues to suffer, and will in the future suffer great and irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and mental anguish.

22. The conduct alleged herein occurred pursuant to a patter and practice on Waffle House's part of discriminating against African-Americans in the provision of food and services.

## COUNT II
(Violation of 42 U.S.C. § 2000a)

23. Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 above, as if set forth fully herein.

24. The Waffle House restaurants described herein are "place[s] of public accommodations" within the meaning of 42 U.S.C. § 2000a.

30. The operations of the subject Waffle House restaurants affect commerce within the meaning of 42 U.S.C. § 2000a. Those restaurants serve or offer to serve interstate travelers

4

and/or a substantial portion of the food that they serve or other products that they sell have moved in interstate commerce.

31. Plaintiff attempted to avail himself of the full benefits and enjoyment of a public accommodation, but Defendant has denied him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of a place of public accommodation, on the basis of race, in violation of 42 U.S.C. § 2000a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants him relief as follows:

(a) Enter a declaratory judgment finding that the actions of the Defendant as alleged in this Complaint violated 42 U.S.C. §§ 1981 and 2000a;

(b) Enter a permanent injunction barring the Defendant from continuing to engage in illegally discriminatory conduct against Plaintiff and other African-Americans who might visit the Clinton Waffle House restaurant or other Waffle House restaurants in the future;

(c) Enter a permanent injunction directing that Defendant take all affirmative steps necessary to remedy the effects of the illegally discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

(d) Award compensatory damages in an amount that would fully compensate Plaintiff for his damages, including but not limited to his humiliation, embarrassment, emotional distress, and mental anguish caused by Defendant's violations of the law, as alleged in this Complaint;

(e) Award punitive damages to Plaintiff in an amount sufficient to punish Defendant for the intentional, malicious, callous, bad faith, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendant from future discriminatory behavior;

5

(f)     Award Plaintiff his attorneys' fees and costs; and

(g)     Order such other and further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as of right.

*[signature]*

Robert M. Sneed, Esq. (SC Bar # 11320)
**ROB SNEED LAW FIRM, LLC**
P.O. Box 375 (29602)
1201 E. Washington St.
Greenville, SC 29601
**ATTORNEY FOR PLAINTIFF**

Dated this ___ day of April, 2008

6

